UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Petitioner,

v.

MICHAEL J. MURPHY,

    Respondent.

Case No. 22-10804
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS [1]**

Scott Witzke pled guilty to one count of misdemeanor retail fraud and was sentenced to nine months' imprisonment. (*See* ECF No. 15-2, PageID.166; ECF No. 15-3, PageID.180.) Soon afterward, Witzke filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that he had been denied his right to appellate counsel and his right to appeal in state court. Because Witzke's claims are unexhausted and the Court cannot excuse the lack of exhaustion, the petition for writ of habeas corpus is DISMISSED without prejudice.

I.

On March 7, 2022, Witzke was sentenced to nine months' imprisonment following a guilty plea to retail fraud in the second degree in the 53rd District Court in Livingston County, Michigan. (ECF No. 1, PageID.11; ECF No. 15-3, PageID.180.)

A week later, Witzke mailed a Notice of Right to Appellate Review and Request for Appointment of Attorney to the 53rd District Court. (ECF No. 1, PageID.12.) But

1

the form was sent back to him with an unsigned sticky note reading: "Returned—an appeal has not been filed yet. Please consult with an Attorney on how to file this with the appeal at the 44th Circuit Court." (*Id.* at PageID.13). It appears that Witzke has not taken any additional steps to seek the appointment of appellate counsel or to appeal to any higher state court. (*See* ECF Nos. 1, 16.)

Instead, Witzke filed this habeas petition on April 5, arguing that he has been denied the assistance of appellate counsel and an appeal. (ECF No. 1, PageID.24–27.) The Livingston County Sheriff answered, arguing that Witzke failed to exhaust his state-court remedies. (ECF No. 15, PageID.155–156.) Witzke replied, arguing that he need not exhaust in the manner the Sheriff identified. (ECF No. 16, PageID.190.)

Because Witzke has not exhausted his state-court remedies and because he has not shown that Michigan's process is ineffective to protect his rights, the petition will be dismissed without prejudice.

## II.

A petitioner seeking a writ of habeas corpus under 28 U.S.C. § 2254 must generally exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Exhaustion provides state courts the "opportunity to address alleged flaws in their criminal procedures." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). To satisfy this requirement in Michigan, a petitioner must first raise the issues he presented in his habeas petition to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). But exhaustion is not required if—among other possible excuses—

"circumstances exist that render such process ineffective to protect the petitioner's rights." *Turner*, 401 F.3d at 724 (citing 28 U.S.C. § 2254(b)(1)(B)(ii)).

Witzke apparently concedes that he has not exhausted his state-court remedies because he acknowledges that he could still file a late application for leave to appeal. (ECF No. 1, PageID.23); Mich. Ct. R. 7.105(G). The Court agrees. *See Wagner*, 581 F.3d at 414.

Instead, Witzke argues that filing a late application for leave to appeal is ineffective to protect his rights. (*See* ECF No. 1, PageID.8, 23 (citing 28 U.S.C. § 2254(b)(1)(B)(ii)).) In particular, Witzke argues that such a filing would put him in the "unenviable position of having to obtain necessary portions of the record and to make in the first instance his own legal arguments." (*See* ECF No. 1, PageID.23.)

This is not enough to show that Michigan's process is ineffective to protect Witzke's rights. In *Pillette v. Foltz*, the Sixth Circuit refused to excuse the exhaustion requirement under similar circumstances: "The state trial court merely rejected petitioner's request for appointment of state counsel; there is no indication that petitioner has formally filed for post-conviction relief or that the state courts will refuse to properly consider such a motion." 824 F.2d 494, 498 (6th Cir. 1987). In other words, "the failure of the state trial court to appoint . . . counsel to assist Petitioner with his appeal does not excuse petitioner from attempting to exhaust the issues raised in this petition with the Michigan appellate courts." *Hubbert v. Haas*, No. 14-12225, 2014 WL 2883413, at *3 (E.D. Mich. June 25, 2014).

And unlike cases where the Sixth Circuit has found state processes ineffective, Witzke made only a single effort to avail himself of state-court remedies, acknowledges that he has at least one state remedy available, and waited less than a month before turning to federal court. *Cf. Turner*, 401 F.3d at 724 (finding state process ineffective where petitioner made "frequent but unavailing requests to have his appeal processed" but was unable to do so for almost 11 years); *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (finding state process ineffective where petition for post-conviction relief "languished in the state courts for more than three years"). These facts fail to show that Michigan's process is ineffective to protect Witzke's rights.

Witzke raises a few additional concerns about the state process available to him, but none persuade the Court that the process is ineffective. First, to the extent that Witzke thinks he may be prejudiced by his current lack of counsel, the Court notes that he also lacked counsel when he filed this habeas petition. Witzke is free to raise the same arguments about his right to counsel and to appeal with the Michigan courts, in addition to any substantive arguments he wishes to raise.[1] (*See* ECF No. 1, PageID.7 n.1.) Second, to the extent that Witzke was concerned about access to his

---

[1] The Court notes for Witzke's benefit that the Michigan Appellate Assigned Counsel System (MAACS) might be willing to assist him. *See* Michigan Court of Appeals Office of the Clerk, *Guide to Pursuing a Criminal Appeal for People Who Are Not Attorneys*, https://perma.cc/6SR5-Y5MR (updated Oct. 2021) ("If the trial court denies the request for counsel . . . You may challenge the order by filing an application for leave to appeal . . . You will not have appointed counsel to help with that challenge. You may also write to MAACS for assistance if you believe the trial court improperly denied your request."). MAACS can be reached at 200 North Washington Square, Suite 250, Lansing, MI 48913.

state-court records, some records have now been produced by the Sheriff and can assist him. (*See* ECF Nos. 15-2, 15-3; *but see* ECF No. 16, PageID.189 n.2 (noting that the Sheriff never produced the state-court register of actions)).) And, finally, Witzke has informed the Court that he is due to be released in the next month, making an appeal "worthless." (ECF No. 16, PageID.193–194.) But an appeal could provide remedies other than release, which might make it worth Witzke's efforts. And more importantly here, nothing prevented Witzke from contacting the 53rd District Court to inquire about the rejection of his form back in March or from pursuing relief in the Michigan courts while this petition was pending. Indeed, he acknowledged his ability to file a late motion for leave to appeal when he filed this petition in April. (ECF No. 1, PageID.23.) Moreover, at Witzke's urging, the Court expedited the deadlines for the answer and reply to this petition, giving him additional time to appeal.

In sum, the failure of the 53rd District Court to appoint counsel to assist Witzke with his appeal does not excuse him from exhausting the issues raised in this petition in a late motion for leave to appeal. He must give the Michigan courts an "opportunity to address alleged flaws in their criminal procedures" before asking this Court to intervene. *See Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005).

The only issue remaining is whether the Court should stay or dismiss Witzke's petition while he exhausts his claims. In this case, dismissal is appropriate. Witzke's petition was filed before his conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). In other words, the one-year limitations period has yet to begin running. So Witzke would not be prejudiced if his habeas petition was dismissed

5

during the pendency of his state-court proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Stay and abeyance should be available only in limited circumstances.").

## III.

For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE Witzke's petition for a writ of habeas corpus. (ECF No. 1.) A separate order on Witzke's certificate of appealability and a separate judgment will follow.

SO ORDERED.

Dated: July 18, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE